UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CORY NAROG,                                          No. C-13-03237 DMR

        Plaintiff(s),                              **ORDER RE: DISCOVERY LETTER [DOCKET NO. 33]**

   v.

CITY OF REDWOOD CITY,

        Defendant(s).

_____/

Before the court is a joint discovery letter filed by Plaintiff Cory Narog and Defendant City of Redwood City ("Redwood City"). [Docket No. 33.] In the letter, Plaintiff seeks to compel Redwood City to produce documents responsive to Plaintiff's Requests for Production of Documents ("RFPs"). A hearing was held on the letter on April 10, 2014. After the hearing, the court issued a minute order that resolved several of the issues presented in the letter. *See* Docket No. 44. The only remaining dispute regards the documents which Redwood City asserts are protected by the official information privilege, which Redwood City lodged with the court for in camera review.

For the reasons stated below, the court finds that these documents are not protected by the official information privilege but may be produced under an "Attorneys' Eyes Only" confidentiality designation.

This court has summarized the factual allegations in the First Amended Complaint [Docket No. 7] elsewhere. *See* Docket No. 38. In brief, Plaintiff brings six causes of action against

Defendants Redwood City, Officers Figueroa, Faljean, and Gary of Redwood City Police Department ("RCPD"), and unnamed Doe defendants: (1) malicious prosecution in violation of the Fourth Amendment and 42 U.S.C. § 1983; (2) retaliation in violation of the First Amendment and Section 1983; (3) infringement on Plaintiff's due process rights in violation of the Fourteenth Amendment and Section 1983; (4) violation of California Civil Code § 52.1; (5) intentional infliction of emotional distress; and (6) abuse of process. FAC ¶¶ 43-83. These claims stem from Defendants attempts to prosecute Plaintiff for allegedly filing a false police report against one of his neighbors in the Redwood Shores community.

Defendants paint a different picture of the events surrounding this litigation. They note Plaintiff's "long history of complaints by and against his neighbors." Letter at 33. In 2006, Plaintiff was sentenced to six months in custody and ordered to refrain from entering Redwood Shores for three years for violating a restraining order that a neighbor had obtained against him. Upon returning to the community in 2009, Plaintiff began calling the police and filing restraining orders against his neighbors.[1] The allegedly false police report that is the precipitating event of this lawsuit was filed by Plaintiff in September 2010. *See* Docket No. 38 at 1-2. Some of these neighbors hired attorneys to defend against Plaintiff's restraining orders. In 2011, these attorneys compiled evidence that Plaintiff's police reports were false and brought it to the RCPD, which eventually resulted in Redwood City's prosecution against Plaintiff for filing false police reports, which in turn led to Plaintiff's instant lawsuit against Redwood City and RCPD officers for malicious prosecution. *Id.* at 10.

Plaintiff seeks documents withheld by Redwood City on grounds of privilege (RC 501-03, 516, 517, 570, 572). Redwood City describes these as "police officers' personnel records" regarding Plaintiff's citizen complaint against them. Letter at 9, Ex. 1 at 21 (excerpts of Redwood City's Second Amended Privilege Log).

---

[1] Apparently, Plaintiff has been declared a vexatious litigant by Santa Clara County Superior Court and San Mateo County Superior Court, and is on the vexatious litigant list maintained by California's Administrative Office of the Courts. *See* Docket No. 38 at n. 3.

Federal common law[2] recognizes a qualified privilege for official information. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990). The official information privilege "is broad enough to cover all the disparate kinds of data and communications that can be involved in these types of [civil rights] cases [against the government]." *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987). "[F]ederal courts have recognized this qualified privilege as generally covering the disclosure of police material and personnel files." *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004).

In order to assert the official information privilege, the party opposing disclosure must make a substantial threshold showing by submitting a declaration or affidavit from a responsible official with personal knowledge of the police department's internal investigatory system. *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995). "The affidavit must include: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made." *Id.* (quoting *Kelly*, 114 F.R.D. at 670). Once the party asserting the privilege meets the threshold burden, the court "determin[es] what level of protection should be afforded by this privilege . . . by conduct[ing] a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege." *Id.* (citing *Kelly*, 114 F.R.D. at 660, *Sanchez*, 936 F.2d at 1033-34).

Some factors that courts may consider when conducting the case-by-case balancing analysis include "(1) [t]he extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) [t]he impact upon persons who have given

---

[2] This case concerns federal questions, and thus the applicable privileges are determined by federal law. *Soto v. City of Concord*, 162 F.R.D. 603, 609 (N.D. Cal. 1995).

information of having their identities disclosed; (3) [t]he degree to which government self-evaluation and consequent program improvement will be chilled by disclosure; (4) [w]hether the information sought is factual data or evaluative summary; (5) [w]hether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) [w]hether the police investigation has been completed; (7) [w]hether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) [w]hether the plaintiff's suit is non-frivolous and brought in good faith; (9) [w]hether the information sought is available through other discovery or from other sources; and (10) [t]he importance of the information sought to the plaintiff's case." *Kelly*, 114 F.R.D. at 663. "In the context of civil rights suits against police departments, this balancing approach should be moderately pre-weighted in favor of disclosure." *Soto*, 162 F.R.D. at 613.

Upon the court's order, Redwood City supplemented its briefing by filing a declaration from RCPD Captain Dan Mulholland. *See* Mulholland Decl. [Docket No. 41]. Captain Mulholland stated that the documents marked RC 501-03, 516, 517, 570, 572 consist of "two memoranda regarding investigations into citizen complaints [Plaintiff] submitted against two Redwood City officers and several transmittal forms regarding those investigations." *Id.* at ¶ 4. Captain Mulholland also described how the disclosure of these records would "threaten the privacy interests of the complained of officers, citizens interviewed by the investigating officers, and the governmental interests in keeping these records . . . [and] investigation procedures confidential." *Id.* at ¶ 6. Even if the documents were disclosed subject to a protective order, Captain Mulholland avers that disclosure would "create a substantial risk of harm to the officers who had non-meritorious complaints filed against them . . . [and] would violate the officers' right of privacy." *Id.* at ¶ 7.

The court found that Captain Mulholland's declaration, combined with the extraordinary allegations about Plaintiff's conduct (including the fact that he has been declared a vexatious litigant in several California jurisdictions), sufficed to meet the threshold showing for Redwood City's assertion of the official information privilege. The court thus ordered Redwood City to produce the documents for in camera review.

The court has reviewed the documents in camera. They are what Captain Mulholland described them to be: two memoranda describing the RCPD's investigation into two complaints against police officers filed by Plaintiff. The documents describe the RCPD's interviews with certain witnesses, and review other information pertinent to Plaintiff's complaints. Considering the *Kelly* factors for the case-by-case balancing analysis and the fact that "[i]n the context of civil rights suits against police departments, this balancing approach should be moderately pre-weighted in favor of disclosure," *Soto*, 162 F.R.D. at 613, the court determines that the official information privilege does not apply to the documents. The documents must therefore be produced. However, out of concern for the privacy of the individuals referenced in the documents, and in light of Plaintiff's documented history as a vexatious litigant, the documents shall be designated as "Confidential Attorneys' Eyes Only" under the protective order issued in this case. Plaintiff's counsel may discuss the general contents of these documents with Plaintiff, but counsel may not disclose to Plaintiff the authors or recipients of the memoranda, or witnesses named therein without a further showing of good cause.

For the foregoing reasons, the court finds that the documents bates labeled RC 501-03, 516, 517, 570, 572 are not protected by the official information privilege but may be produced pursuant to an Attorneys' Eyes Only designation.

IT IS SO ORDERED.

Dated: April 28, 2014

DONNA M. RYU
United States Magistrate Judge