UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY NAROG, | No. C-13-03237 DMR |
| Plaintiff(s), | **ORDER RE: DISCOVERY LETTER [DOCKET NO. 49]** |
| v. | |
| CITY OF REDWOOD CITY, | |
| Defendant(s). | |

Before the court is a joint discovery letter filed by Plaintiff Cory Narog and non-parties San Mateo County District Attorney's Office (the "DA's Office") and Deputy District Attorney Kevin Collins. [Docket No. 49.] The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and vacates the May 22, 2014 hearing.

This court has summarized the factual allegations in the First Amended Complaint [Docket No. 7] elsewhere. *See* Docket Nos. 38, 56. Non-party Collins is one of two deputy district attorneys who was involved in Plaintiff's criminal prosecution. Plaintiff seeks to depose Collins. Plaintiff claims that Collins possesses information that is relevant to establish Plaintiff's claims against Defendants City of Redwood City and certain named Redwood City Police Department ("RCPD") officers for malicious prosecution, abuse of process, and violation of due process. Specifically, Plaintiff focuses on the defense that the DA's Office acted independently in prosecuting Plaintiff, which could render Defendants not liable for Plaintiff's criminal prosecution. Plaintiff avers that Collins may have information that rebuts that defense.

Ordinarily, the officials who catalyze or procure criminal proceedings are not liable for the resulting prosecution because "the decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1062 (9th Cir. 2004) (citing *Smiddy v. Varney*, 665 F.2d 261, 266-68 (9th Cir. 1981))[1]; *Beck v. City of Upland*, 527 F.3d 853, 862 (9th Cir. 2008) ("[T]he prosecutor's independent decision [to prosecute] can be a superceding or intervening cause of a constitutional tort plaintiff's injury, precluding suit against the officials who made an arrest or procured a prosecution.").[2] "However, the presumption of prosecutorial independence does not bar a subsequent § 1983 claim against state or local officials who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Id. See also Beck*, 527 F.3d at 862-866 (Fourth Amendment claim could be brought against non-prosecutors who file a police report triggering a prosecution if the plaintiff could rebut the presumption of prosecutoral independence, e.g., by showing the prosecutor was pressured by the police or was given false information). "If for reasons of privilege or otherwise the relevant evidence [to challenge the presumption of prosecutorial independence] is not available, no presumption will arise,' and the defendant has the burden to show that the prosecutor's judgment was independent." *Id.* at 863, 865-66 (citing *Smiddy*, 665 F.2d at 267).

Here, as in *Awabdy* and *Beck*, Plaintiff has brought claims against the city and its police, but not against the prosecutor. Plaintiff's theory is that information provided by the DA's Office will help Plaintiff establish that Defendants are liable for malicious prosecution by showing that the

---

[1] In *Awabdy*, the Ninth Circuit reversed the district court's dismissal of the plaintiff's malicious prosecution claim against the non-prosecutor defendants whom plaintiff alleged had made false accusations of embezzlement against him just prior to an election in which plaintiff was running for city council. *Id.* at 1067.

[2] In *Beck*, as with *Awabdy*, none of the defendants were prosecutors. The plaintiff was a contractor who had been arrested on charges of threatening police officers in the course of protesting what the plaintiff perceived to be the city's unfair contract awarding practices. The police submitted a report to the deputy district attorney, who then generated a criminal complaint that led to the plaintiff's arrest. After the plaintiff's criminal charges were dismissed, the plaintiff brought First and Fourth Amendment claims against the city, its police department, and individual officers.

1  DA's decision to prosecute Plaintiff was the result of improper pressure or intervention by
2  Defendants.  To that end, although Plaintiff has identified seven areas of inquiry that he wishes to
3  pursue with Collins, the only relevant topics are Topic 1 (Collins' communications with the RCPD
4  officers about Plaintiff); Topic 3 (documents and other evidence produced by the RCPD to the DA's
5  Office in support of Plaintiff's criminal prosecution); and Topic 5 (Deputy District Attorney Jennifer
6  Ow's discussions with RCPD Sergeant Osborne about Plaintiff that were communicated to Collins).
7  The remaining topics proposed by Plaintiff are not relevant.
8        Plaintiff may take a one-hour deposition of Collins at Collins' office on Topics 1, 3 and 5.[3]

11      IT IS SO ORDERED.

12  Dated: May 15, 2014



DONNA M. RYU
United States Magistrate Judge

---

[3] In the joint letter, the DA's Office and Collins indicated that they were willing to produce Collins for deposition on the same topics that this court has identified above as relevant to this case. Because the DA's Office does not object to Collins being deposed on these topics, the court declines to consider other issues raised in the joint letter, such as whether prosecutorial immunity or the deliberative process privilege applies.

3